1
2
3
4
5
6
7
8
9

10           **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| 13  ADAM STRUCK, individually and doing business as STRUCK CAPITAL, and 14 STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company, 15 | **CASE NO. 2:22-cv-02415-SPG-MAAx**<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |
| 16          Plaintiffs, | Assigned to Honorable Sherilyn Peace Garnett |
| 17  v. | |
| 18  YIDA GAO, an individual, SAND HILL 19 ADVISORS PR LLC, a Puerto Rican limited liability company, SHIMA CAPITAL 20 MANAGEMENT LLC, a Puerto Rican limited liability company, and Does 1-50, 21 | |
| 22          Defendants. | |
| 23 | |
| 24  YIDA GAO, an individual; SAND HILL ADVISORS PR LLC, a Puerto Rican limited 25 liability company, and SHIMA CAPITAL MANAGEMENT LLC, a Puerto Rican limited 26 liability company; | |
| 27          Counterclaimants, | |
| 28 | |

580287.2

1  v.

2  ADAM STRUCK, individually and doing
   business as STRUCK CAPITAL; STRUCK
3  CAPITAL MANAGEMENT, LLC, a
   Delaware Limited Liability Company;
4  STRUCK CAPITAL FUND GP LLC, a
   Delaware Limited Liability Company;
5  STRUCK CAPITAL FUND II GP, LLC, a
6  Delaware Limited Liability Company; and
   DOES 1-50, inclusive,
7

8                 Counter Respondents.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

580287.2

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

1    On November 15, 2022, the parties filed a Stipulated Protective Order.  A

2  copy of the Stipulated Protective Order is attached as **Exhibit A**.

3    The Court, having considered the parties' stipulation and finding good cause

4  therefore, hereby GRANTS the stipulation.

5

6   DATED:  November 16, 2022

7                                                          HON. MARIA A. AUDERO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

580287.2

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

580287.2

ORSUS GATE LLP
Denis Shmidt (Bar No. 267987)
Nabil Bisharat (Bar No. 270305)
Jennifer Haidar (Bar No. 337558)

16 N. Marengo Ave., Suite 316
Pasadena, CA 91101
Telephone: (415) 326-3558
Email: DShmidt@OrsusGate.com
Email: NBisharat@OrsusGate.com
Email: JHaidar@OrsusGate.com

*Attorneys for Yida Gao, Sand Hill Advisors
PR LLC, and Shima Capital Management
LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division – Los Angeles)

| | |
|---|---|
| ADAM STRUCK, individually and doing business as STRUCK CAPITAL, and STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company,<br><br>        Plaintiffs,<br><br>v.<br><br>YIDA GAO, an individual, SAND HILL ADVISORS PR LLC, a Puerto Rican limited liability company, SHIMA CAPITAL MANAGEMENT LLC, a Puerto Rican limited liability company, and Does 1-50,<br><br>        Defendants. | Case No. 2:22-cv-02415-SPG-MAA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  April 11, 2022<br><br>Hon. Judge Maria A. Audero |

580287.2

YIDA GAO, an individual; SAND
HILL ADVISORS PR LLC, a Puerto
Rican limited liability company, and
SHIMA CAPITAL MANAGEMENT
LLC, a Puerto Rican limited liability
company;

              Counterclaimants,

v.

ADAM STRUCK, individually and
doing business as STRUCK
CAPITAL; STRUCK CAPITAL
MANAGEMENT, LLC, a Delaware
Limited Liability Company; STRUCK
CAPITAL FUND GP LLC, a Delaware
Limited Liability Company; STRUCK
CAPITAL FUND II GP, LLC, a
Delaware Limited Liability Company;
and DOES 1-50, inclusive,

              Counter Respondents.

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and lists and other valuable research, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **DEFINITIONS**

   3.1   Action: This pending federal lawsuit, as well as the related arbitration action, JAMS Ref. No. 1220070962, and the action pending in the Los Angeles Superior Court, Case No. 21SMCV00555.

   3.2   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

   3.3   "CONFIDENTIAL" Information or Items:  The term "CONFIDENTIAL" means any answer, testimony, document, article, information, thing, or any portion or portions thereof, produced or disclosed in discovery, or during the hearing in this action, which the disclosing party or non-party considers in good faith to contain their confidential information and any information concerning any party or non-party that is not otherwise publicly available or accessible.  All copies of materials properly designated as "CONFIDENTIAL," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "CONFIDENTIAL," shall be Confidential.

   3.4   "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items:  The term, "HIGHLY CONFIDENTIAL --

ATTORNEYS' EYES ONLY" means any answer, testimony, document, article, information, thing, or any portion or portions thereof, produced or disclosed in discovery, or during the hearing in this action, which the disclosing party considers in good faith to be not generally known to others, and has significant competitive value such that unrestricted disclosure to others, including the opposing party or parties, would create a substantial risk of serious injury, and that the disclosing party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, above and beyond the "Confidential" designation.  All copies of materials properly designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," shall be Attorneys' Eyes Only Material.

3.5   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6   Designating Party:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

3.7   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or

1   responses to discovery in this matter.

2   3.8   Expert:  A person with specialized knowledge or experience in a

3   matter pertinent to the litigation who has been retained by a Party or its

4   counsel to serve as an expert witness or as a consultant in this Action.

5   3.9   In-House Counsel:  Attorneys who are employees of a party to this

6   Action. House Counsel does not include Outside Counsel of Record or

7   any other outside counsel.

8   3.10   Non-Party:  Any natural person, partnership, corporation, association,

9   or other legal entity not named as a Party to this action.

10   3.11   Outside Counsel of Record:  Attorneys who are not employees of a

11   party to this Action but are retained to represent or advise a party to

12   this Action and have appeared in this Action on behalf of that party or

13   are affiliated with a law firm which has appeared on behalf of that

14   party, and includes support staff.

15   3.12   Party:  Any party to this Action, including all of its officers, directors,

16   employees, consultants, retained experts, and Outside Counsel of

17   Record (and their support staffs).

18   3.13   Producing Party:  A Party or Non-Party that produces Disclosure or

19   Discovery Material in this Action.

20   3.14   Professional Vendors:  Persons or entities that provide litigation

21   support services (e.g., photocopying, videotaping, translating,

22   preparing exhibits or demonstrations, and organizing, storing, or

23   retrieving data in any form or medium) and their employees and

24   subcontractors.

25   3.15   Protected Material:  Any Disclosure or Discovery Material that is

26   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

27   ATTORNEYS' EYES ONLY."

28   3.16   Receiving Party:  A Party that receives Disclosure or Discovery

1     Material from a Producing Party.

2

3  **4.     SCOPE**

4         The protections conferred by this Stipulated Protective Order cover not only

5  Protected Material (as defined above), but also (1) any information copied or

6  extracted from Protected Material; (2) all copies, excerpts, summaries, or

7  compilations of Protected Material; and (3) any testimony, conversations, or

8  presentations by Parties or their Counsel that might reveal Protected Material.

9         Any use of Protected Material at trial shall be governed by the orders of the

10  trial judge.  This Stipulated Protective Order does not govern the use of Protected

11  Material at trial.

12

13  **5.     DURATION**

14         Even after final disposition of this litigation, the confidentiality obligations

15  imposed by this Stipulated Protective Order shall remain in effect until a

16  Designating Party agrees otherwise in writing or a court order otherwise directs.

17  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

18  defenses in this Action, with or without prejudice; and (2) final judgment herein

19  after the completion and exhaustion of all appeals, rehearings, remands, trials, or

20  reviews of this Action, including the time limits for filing any motions or

21  applications for extension of time pursuant to applicable law.

22

23  **6.     DESIGNATING PROTECTED MATERIAL**

24         6.1    Exercise of Restraint and Care in Designating Material for Protection.

25         Each Party or Non-Party that designates information or items for protection

26  under this Stipulated Protective Order must take care to limit any such designation

27  to specific material that qualifies under the appropriate standards. The Designating

28  Party must designate for protection only those parts of material, documents, items,

1   or oral or written communications that qualify so that other portions of the material,

2   documents, items, or communications for which protection is not warranted are not

3   swept unjustifiably within the ambit of this Stipulated Protective Order.

4         Mass, indiscriminate, or routinized designations are prohibited. Designations

5   that are shown to be clearly unjustified or that have been made for an improper

6   purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

7   unnecessary expenses and burdens on other parties) may expose the Designating

8   Party to sanctions.

9         6.2   <u>Manner and Timing of Designations</u>.

10         Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*,

11   Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery

12   Material that qualifies for protection under this Stipulated Protective Order must be

13   clearly so designated before the material is disclosed or produced.

14         Designation in conformity with this Stipulated Protective Order requires the

15   following:

16       (a)   for information in documentary form (*e.g.*, paper or electronic

17              documents, but excluding transcripts of depositions), that the

18              Producing Party affix at a minimum, the legend "CONFIDENTIAL"

19              or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to

20              each page that contains protected material.  If only a portion or

21              portions of the material on a page qualifies for protection, the

22              Producing Party also must clearly identify the protected portion(s)

23              (e.g., by making appropriate markings in the margins).

24       (b)   A Party or Non-Party that makes original documents or materials

25              available for inspection need not designate them for protection until

26              after the inspecting Party has indicated which material it would like

27              copied and produced. During the inspection and before the designation,

28              all of the material made available for inspection shall be deemed

6

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After
2  the inspecting Party has identified the documents it wants copied and
3  produced, the Producing Party must determine which documents, or
4  portions thereof, qualify for protection under this Order. Then, before
5  producing the specified documents, the Producing Party must affix the
6  appropriate legend ("CONFIDENTIAL" or "HIGHLY
7  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
8  contains Protected Material. If only a portion or portions of the
9  material on a page qualifies for protection, the Producing Party also
10  must clearly identify the protected portion(s) (e.g., by making
11  appropriate markings in the margins) and must specify, for each
12  portion, the level of protection being asserted.

13  (c)  For testimony given in deposition or in other pretrial or trial
14  proceedings, that the Designating Party identify on the record, before
15  the close of the deposition, hearing, or other proceeding, all protected
16  testimony and specify the level of protection being asserted. When it is
17  impractical to identify separately each portion of testimony that is
18  entitled to protection and it appears that substantial portions of the
19  testimony may qualify for protection, the Designating Party may
20  invoke on the record (before the deposition, hearing, or other
21  proceeding is concluded) a right to have up to 30 days to identify the
22  specific portions of the testimony as to which protection is sought and
23  to specify the level of protection being asserted. Only those portions of
24  the testimony that are appropriately designated for protection within
25  the 30 days shall be covered by the provisions of this Stipulated
26  Protective Order. Alternatively, a Designating Party may specify, at
27  the deposition or up to 30 days afterwards if that period is properly
28  invoked, that the entire transcript shall be treated as

7

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."

(d)   Parties shall give the other parties notice if they reasonably expect a
deposition, hearing or other proceeding to include Protected Material
so that the other parties can ensure that only authorized individuals
who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A) are present at those proceedings. The use of a document as
an exhibit at a deposition shall not in any way affect its designation as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."

(e)   Transcripts containing Protected Material shall have an obvious legend
on the title page that the transcript contains Protected Material, and the
title page shall be followed by a list of all pages (including line
numbers as appropriate) that have been designated as Protected
Material and the level of protection being asserted by the Designating
Party. The Designating Party shall inform the court reporter of these
requirements. Any transcript that is prepared before the expiration of a
30-day period for designation shall be treated during that period as if it
had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" in its entirety unless otherwise agreed. After the
expiration of that period, the transcript shall be treated only as actually
designated.

(c)   For information produced in some form other than documentary and
for any other tangible items, that the Producing Party affix in a
prominent place on the exterior of the container or containers in which
the information is stored the legend "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a portion
or portions of the information warrants protection, the Producing Party,

to the extent practicable, shall identify the protected portion(s).

6.3    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3    Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

580287.2

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

    8.1   Basic Principles.

    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    8.2   Disclosure of "CONFIDENTIAL" Information or Items.

    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)   the Parties;

    (b)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (c)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (d)   any deposition, trial, or hearing witness in the Action who is currently or was previously an officer, director, partner, member, employee, or agent of any entity that has had access to the materials at issue;

    (e)   any deposition, trial, or hearing witness in the Action who previously has had access to the materials at issue;

(f)  Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the court and its personnel;

(h)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(k)  during their depositions, witnesses, and attorneys for witnesses, in the Action who did not previously have access to the materials at issue but to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under

this Stipulated Protective Order; and

(l)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3   Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the persons as set for above in Paragraphs 8.2(b), 8.2(f), 8.2(g), 8.2(h), 8.2(i), and 8.2(l).

## 9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation, other than those as defined as the Action, that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1 Application

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 Notification

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

580287.2

13

(b)    promptly provide the Non-Party with a copy of the Stipulated
       Protective Order in this Action, the relevant discovery request(s), and a
       reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-
       Party, if requested.

10.3 Conditions of Production

   If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

1  Order, and (d) request such person or persons to execute the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A).

3

4  **12.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5          **PROTECTED MATERIAL**

6          When a Producing Party gives notice to Receiving Parties that certain

7  inadvertently produced material is subject to a claim of privilege or other

8  protection, the obligations of the Receiving Parties are those set forth in Federal

9  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

10  whatever procedure may be established in an e-discovery order that provides for

11  production without prior privilege review.  Pursuant to Federal Rule of Evidence

12  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

13  of a communication or information covered by the attorney-client privilege or work

14  product protection, the parties may incorporate their agreement into this Stipulated

15  Protective Order.

16          The inadvertent production by a Party or Non-Party to the Action of any

17  document, testimony, or information during discovery in this Action without a

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

19  ONLY" designation, or any document protected by the attorney-client or work

20  product doctrine, shall be without prejudice to any claim that such item is

21  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

22  ONLY," privileged, or protected, and such Party or Non-Party shall not be held to

23  have waived any rights by such inadvertent production, including but not limited to

24  the attorney-client privilege, the protection afforded to work-product materials or

25  the subject matter thereof, or the confidential nature of any such information.

26

27  **13.**    **MISCELLANEOUS**

28          13.1    Right to Further Relief.

580287.2

1          Nothing in this Order abridges the right of any person to seek its

2    modification by the Court in the future.

3          13.2   <u>Right to Assert Other Objections</u>.

4          By stipulating to the entry of this Stipulated Protective Order, no Party

5    waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective

7    Order.  Similarly, no Party waives any right to object on any ground to use in

8    evidence of any of the material covered by this Stipulated Protective Order.

9          13.3   <u>Filing Protected Material</u>.

10         A Party that seeks to file under seal any Protected Material must comply

11   with Civil Local Rule 79-5 and with any pertinent orders of the assigned District

12   Judge and Magistrate Judge.   Protected Material may only be filed under seal

13   pursuant to a court order authorizing the sealing of the specific Protected Material

14   at issue.  If a Party's request to file Protected Material under seal is denied by the

15   court, then the Receiving Party may file the information in the public record unless

16   otherwise instructed by the court.

17

18   **14.   <u>FINAL DISPOSITION</u>**

19         After the final disposition of this Action, within sixty (60) days of a written

20   request by the Designating Party, each Receiving Party must return all Protected

21   Material to the Producing Party or destroy such material.  As used in this

22   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23   summaries, and any other format reproducing or capturing any of the Protected

24   Material.  Whether the Protected Material is returned or destroyed, the Receiving

25   Party must submit a written certification to the Producing Party (and, if not the

26   same person or entity, to the Designating Party) by the 60 day deadline that (1)

27   identifies (by category, where appropriate) all the Protected Material that was

28   returned or destroyed and (2) affirms that the Receiving Party has not retained any

copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17

1    **15.**  **VIOLATION**

2          Any violation of this Stipulated Order may be punished by any and all

3    appropriate measures including, without limitation, contempt proceedings and/or

4    monetary sanctions.

5

6    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

7

8    Dated: November 15, 2022          MILLER BARONDESS, LLP

9                                      Amnon Z. Siegel
                                       Landon J. Dial
10
                                       By /s/ Amnon Z. Siegel
11                                     ─────────────────────────
                                       Amnon Z. Siegel
12                                     *Attorneys Plaintiffs and Counter-*
                                       *Respondents*
13

14
     Dated: November 15, 2022          ORSUS GATE LLP
15                                     Denis Shmidt
                                       Nabil Bisharat
16                                     Jennifer Haidar

17                                     By /s/ Denis Shmidt
                                       ─────────────────────────
18                                     Denis Shmidt
                                       *Attorneys Defendants and Counterclaimants*
19

20

21

22   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

23

24   Dated:  November 16, 2022         ─────────────────────────

25                                     Maria A. Audero
                                       United States Magistrate Judge
26

27

28

580287.2

18

1

## **EXHIBIT A**

2

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [NAME],

4    _____ [POSITION AND EMPLOYER],

5    declare under penalty of perjury that I have read in its entirety and understand the

6    Stipulated Protective Order that was issued by the United States District Court for the

7    Central District of California on _____ [DATE] in the case of *Struck et al. v.*

8    *Gao et al.*, Case No. 2:22-cv-02415-SPG-MAA.  I agree to comply with and to be

9    bound by all the terms of this Stipulated Protective Order, and I understand and

10   acknowledge that failure to so comply could expose me to sanctions and punishment

11   in the nature of contempt.  I solemnly promise that I will not disclose in any manner

12   any information or item that is subject to this Stipulated Protective Order to any

13   person or entity except in strict compliance with the provisions of this Stipulated

14   Protective Order.

15       I further agree to submit to the jurisdiction of the United States District Court

16   for the Central District of California for the purpose of enforcing the terms of this

17   Stipulated Protective Order, even if such enforcement proceedings occur after

18   termination     of     this     action.     I     hereby     appoint

19   _____ [NAME]     of

20   _____[ADDRESS AND TELEPHONE NUMBER] as my

21   California agent for service of process in connection with this action or any

22   proceedings related to enforcement of this Stipulated Protective Order.

23

24   Signature:                                    _____

25   Printed Name:                                 _____

26   Date:                                         _____

27   City and State Where Sworn and Signed:        _____

28

580287.2

1

## <u>CERTIFICATION OF SERVICE</u>

The undersigned hereby certifies that on November 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By:  /s/ Denis Shmidt
Denis Shmidt

580287.2