**FILED**
CLERK, U.S. DISTRICT COURT

2-1-2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PG___ DEPUTY

1  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
2  JAMIE D. VOGEL (State Bar No. 307810)
   jvogel@millerbarondess.com
3  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
4  Los Angeles, California 90067
   Telephone: (310) 552-4400
5  Facsimile: (310) 552-8400

6  Attorneys for Plaintiffs
   ADAM B. STRUCK and STRUCK
7  CAPITAL MANAGEMENT LLC

8

9               UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

| | |
|---|---|
| 12  ADAM B. STRUCK, individually and doing business as STRUCK CAPITAL, and STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company,<br><br>15            Plaintiffs,<br><br>16       v.<br><br>17  YIDA GAO, an individual, SAND HILL ADVISORS PR LLC, a Puerto Rican limited liability company, SHIMA CAPITAL MANAGEMENT LLC, a Puerto Rican limited liability company, SHIMA CAPITAL GP LLC, a Puerto Rican limited liability company, and Does 1-50,<br><br>21            Defendants. | **CASE NO.**  CV 22-02415-SPG(MAAx)<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>**(1)  TRADE SECRET MISAPPROPRIATION UNDER THE DEFEND SECRETS ACT**<br>**(2)  TRADE SECRET MISAPPROPRIATION UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT**<br>**(3)  UNFAIR COMPETITION**<br>**(4)  CONVERSION**<br>**(5)  THEFT BY FALSE PRETENSES**<br>**(6)  CONSTRUCTIVE TRUST**<br><br>**[DEMAND FOR JURY TRIAL]** |

25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

589326 1

FIRST AMENDED COMPLAINT

**EXHIBIT A - Page 6**

Plaintiffs Adam B. Struck, individually and doing business as Struck Capital, and Struck Capital Management LLC ("Plaintiffs") allege against Defendants Yida Gao, Sand Hill Advisors PR LLC, Shima Capital Management LLC, Shima Capital GP LLC, and Does 1-50 (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.     Adam B. Struck is a successful venture capitalist who was the victim of a willful and malicious scheme by Defendant Yida Gao to steal Plaintiffs' confidential trade secrets, embezzle funds, usurp corporate opportunities, and launch a competing venture capital fund.

2.     Struck has managed and closed over one hundred venture capital deals. He operates one of the largest seed-stage venture capital firms in Los Angeles. When Struck first met Gao, Gao was two years out of college and a junior analyst at a large bank who—unlike Struck—had never sourced, structured, or completed a successful venture capital deal.  At the time he met Gao and continuing today, Struck does business under the name Struck Capital.

3.     At Gao's insistence, Struck gave Gao the opportunity to become a co-manager and minority member of one blockchain fund operated by Struck, known as Divergence Digital Currency ("DDC").  Gao profited greatly over the years, receiving over a million dollars in management fees and carried interest from DDC. But that was not enough for Gao, whose greed led him to make deals using Struck's name and brand behind Struck's back, embezzle funds and steal trade secrets on his way out the door in order to launch a competing fund.

4.     In February 2021, Struck discovered that Gao had taken a series of surreptitious and illegal actions.  First, Gao attempted to steal $150,000 from DDC by setting up a wire to himself.  When Struck caught him, Gao then immediately started copying key documents from Struck's confidential databases, including contact information for Struck Capital's investors and industry contacts.  This data was compiled by Struck over many years based on his experience sourcing,

Miller Barondess, LLP
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

EXHIBIT A - Page 7

structuring, and closing investment deals.  Gao stole it to help him launch a rival venture capital, blockchain fund, which he called Shima Capital.

5.      Struck also discovered that Gao had been using Struck's name, identity, reputation, and resources to profit from venture capital deals, unbeknownst to Struck.

6.      Using stolen information from Struck Capital, Gao initially formed and operated Shima Capital LLC, Shima Capital Management LLC, and Shima Capital GP LLC, as Delaware entities (collectively, the "Shima Capital Delaware Entities"), which operated in California.  But after Struck sued those Shima Capital Delaware Entities in California state court, in an obvious attempt to evade liability, Gao formed three new entities by the same names in Puerto Rico: Shima Capital Management LLC, Shima Capital GP LLC, and Sand Hill Advisors PR LLC (collectively, "Defendant Puerto Rico Entities"), each incorporated and with their principal place of business in Puerto Rico.[1]

7.      By doing so, Gao is playing a shell game, attempting to shift his theft of Struck's confidential information from his Shima Capital Delaware Entities to newly formed Defendant Puerto Rico Entities.  Gao is trying to cover his tracks and avoid liability.  But Gao's new entities in Puerto Rico are as liable as the Shima Capital Delaware Entities for Gao's misconduct.  The new Defendant Puerto Rico Entities are owned and controlled by Gao and are liable for using the trade secret and confidential information stolen from Struck Capital to develop a competing venture capital fund.

8.      This action seeks to hold Defendants accountable for their participation in Gao's unlawful course of conduct.

---

[1] Gao had previously used the name Sand Hill Advisors LLC for his consulting company when he worked at DDC; but that entity was, like the earlier iterations of Shima Capital, formed as a Delaware company.  Gao recently formed Sand Hill Advisors PR LLC in Puerto Rico, as he did with the two new Shima Capital entities.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## THE PARTIES

9.     Plaintiff Adam B. Struck is a California resident and citizen who lives in Los Angeles County.  He is the founder and owner of his namesake firm, Struck Capital Management LLC, through which he operates one of the largest seed-stage venture capital firms in Los Angeles.

10.     Plaintiff Struck Capital Management LLC is a Delaware Limited Liability Company with its principal place of business in Los Angeles.  Its sole member, Adam B. Struck, is a citizen of California.

11.     Defendant Yida Gao is an individual who, upon information and belief, currently resides in and is a citizen of San Juan, Puerto Rico.

12.     Defendant Sand Hill Advisors PR LLC is a limited liability company incorporated in Puerto Rico with its principal place of business in San Juan, Puerto Rico.  Gao formed Sand Hill Advisors PR LLC in January 2022.  On information and belief, Gao, a citizen of Puerto Rico, is the sole member of Sand Hill Advisors PR LLC.

13.     Defendant Shima Capital Management LLC is a limited liability company incorporated in Puerto Rico with its principal place of business in San Juan, Puerto Rico.  Gao formed Shima Capital Management LLC in December 2021.  On information and belief, Gao, a citizen of Puerto Rico, is the sole member of Shima Capital Management LLC.

14.     Defendant Shima Capital GP LLC[2] is a limited liability company incorporated in Puerto Rico with its principal place of business in San Juan, Puerto Rico.  Gao formed Shima Capital GP LLC in December 2021.  On information and belief, Gao and Paul Veradittakit were the sole members of Shima Capital GP LLC at the time the initial Complaint was filed.  However, on information and belief, Mr.

---

[2] Shima Capital GP LLC was named as a defendant in Plaintiffs' initial Complaint, but was voluntarily dismissed.  By filing this First Amended Complaint, Plaintiffs intend to add back Shima Capital GP LLC as a party.

EXHIBIT A - Page 9

1    Veradittakit is no longer a member, leaving Gao, a citizen of Puerto Rico, as the sole

2    member of Shima Capital GP LLC.

3           15.    On information and belief, Gao used—and is using—Struck Capital's

4    trade secrets and confidential information in creating and operating the Defendant

5    Puerto Rico Entities.

6           16.    Plaintiffs are informed and believe, and based thereon allege, that the

7    true names and capacities, whether individual, corporate, or otherwise, of defendants

8    designated as DOES 1 through 50, inclusive, are unknown to Plaintiffs, who

9    therefore sue said defendants by such fictitious names.  Upon ascertaining their true

10   and correct names, titles, capacities, and/or identities, Plaintiffs will amend

11   accordingly.

12          17.    Plaintiffs are informed and believe, and based thereon allege, that at all

13   times mentioned herein, Defendants, and each of them, were the employees, agents,

14   employers, partners, joint venturers, affiliates, co-conspirators, aiders, abettors,

15   and/or alter egos of each of the remaining Defendants and, in doing the acts alleged

16   herein, were acting within the course and scope of such positions at the direction of,

17   and/or with the permission, knowledge, consent, and/or ratification of, the other

18   Defendants.  Plaintiffs are informed and believe, and based thereon allege, that each

19   of the fictitiously named defendants is responsible in some manner for the

20   occurrences alleged below, and that they proximately caused or ratified the conduct

21   causing the damages alleged herein.

22                            **JURISDICTION AND VENUE**

23          18.    This Court has subject matter jurisdiction over this controversy under

24   28 U.S.C. § 1331 and 28 U.S.C. § 1367.  This Court has personal jurisdiction over

25   Defendants under the specific jurisdiction doctrine as the claims asserted herein

26   arose out of Defendants' contacts with the forum state.  Struck Capital's trade

27   secrets and confidential information, which Defendants are making unauthorized use

28   of, were stolen from its headquarters in Los Angeles, California.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Defend Trade Secrets Act, codified in 15 U.S.C. §§ 1836 *et seq.*

20.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy is over $75,000.

21.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are related to the claims in this action within the original jurisdiction of this Court and such claims form part of the same case or controversy.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and/or were targeted at Los Angeles.

23.     Struck, Gao and the Shima Capital Delaware Entities are currently involved in litigation in state court and an arbitration.  But at the time that litigation started, Gao had not yet formed and was not operating the three Defendant Puerto Rico Entities, which are Defendants here.  Plaintiffs are informed and believe that Gao has moved to Puerto Rico and formed the Defendant Puerto Rico Entities to evade liability for his misconduct and operate these newly formed entities in a tax haven.  Dividend and interest income and capital gains are 100% tax exempt in Puerto Rico, and many residents are not required to pay federal income taxes.

## FACTUAL ALLEGATIONS

### A.     Struck Is As A Successful Venture Capitalist, While Gao Is An Inexperienced Junior Analyst

24.     Struck is the founder and owner of his firm Struck Capital.  In 2016, after selling his company to a middle-market private equity firm in an all-cash buyout for millions of dollars, Struck embarked on a career in venture capital.  After successfully completing a series of venture capital deals, Struck then moved to Los

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

EXHIBIT A - Page 11

Angeles and launched his first namesake fund, known as Struck Capital Fund I.  In 2019, Struck launched his second namesake fund, Struck Capital Fund II, which currently holds over $60 million in assets under management.  Since 2014, Struck has served on the board of directors for numerous companies.  He has sourced, structured, managed, and successfully closed over one hundred venture capital deals.

25.    Struck was first introduced to Gao in early 2015, when Gao was a second-year, junior analyst at Morgan Stanley.  At that time, Gao was planning to leave Morgan Stanley to take a junior position at a large venture capital firm in California known as New Enterprise Associates ("NEA").

26.    Gao told Struck that he had studied Struck's venture-capital work and "learned a ton" from reading about Struck.  Gao stated that he was eager to gain experience as a venture capitalist and would like to do so while moonlighting from his day job at Morgan Stanley.

**B.    Struck Gives Gao A Chance To Assist With Fundraising For One Of Struck's Deals**

27.    Struck was actively seeking investors for a venture opportunity known as Project Ignis, which concerned an investment in a German ride-share company.  Struck mentioned this opportunity to Gao and his then-partner, Vinay Trivedi; and both Gao and Trivedi expressed an interest in helping Struck fundraise for this deal.

28.    Struck agreed to give Gao and Trivedi the opportunity to find investors for Project Ignis.  Struck agreed to give Gao and Trivedi a share of the carried interest in the Project Ignis deal based on investors they were able to bring to the table.  Gao and Trivedi also made small investments in Project Ignis, alongside other investors, as Members of the Project Ignis special purpose vehicle LLC.

29.    In 2015, Struck secured the rights to invest in a series of additional venture capital deals, including investments in highly sought-after companies, such as The Honest Company (Project Probitas), Postmates (Project Vectio), and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Zerocater (Project Zero).  Struck gave Gao and Trivedi the opportunity to work with him again on these deals, and Gao and Trivedi jumped at the opportunity.

30.     To carry out their involvement in the deals that Struck was leading in 2015, Gao and Trivedi formed a partnership/joint venture known as "Vida Ventures" ("Vi" from Vinay and "da" from Yida).

31.     Gao claims he was a partner of Struck's, which is blatantly false.  Gao was already in a partnership/joint venture with Trivedi in the deals involving Struck Capital.  He could not have been—and was not—in a partnership or joint venture with Struck at the same time.  Despite this, Gao now frivolously claims that he owns half of anything and everything Struck Capital has ever done.  Gao's greed has led him to claim ownership in businesses in which he never had an ownership interest that were created and operated by Struck under his firm's name, Struck Capital.

**C.      Struck Allows Gao To Become A 37.5% Member Of Struck Capital's Separate Blockchain Fund Called Divergence Digital Currency (DDC)**

32.     In 2017, Struck had arranged for a large institutional investor to back his blockchain fund called DDC.  After Gao learned about DDC, Gao pleaded with Struck to make him a member of DDC and help him operate the company.  Struck agreed to make Gao a minority member and co-manager in DDC.

33.     Struck's willingness to make Gao a minority member in DDC did not mean that Gao became a member of any other Struck Capital fund, deal or entity.  By January of 2018, Struck was managing three separate funds—Struck Capital Fund I, Struck Capital Stage Agnostic, and Struck Capital Special Situations.  DDC was separate from the funds Struck was already managing.  Struck believed he could trust Gao to co-manage DDC, and he agreed to make Gao a minority member in DDC at Gao's insistence and request.

34.     Struck retained Cooley LLP to form DDC as a separate registered investment advisor—completely distinct from his other Struck Capital funds.  By

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

February 2018, Cooley LLP had finalized the operating agreements for the DDC general partner and management entities (the "DDC Operating Agreements").  The DDC Operating Agreements reflected Struck and Gao's respective percentages in DDC—62.5% for Struck and 37.5% for Gao, subject to vesting.  Gao signed the DDC Operating Agreements without proposing any changes or modifications.  Gao also personally filed 83(b) elections confirming his 37.5% stake in DDC.

35.     Around this same time in February 2018, unbeknownst to Struck, Gao signed a lease to live with a person who was the manager of a rival blockchain fund.  On information and belief, while Gao was living with this person, despite owing fiduciary duties to DDC, Gao pursued investment deals with the rival blockchain manager and also served as an advisor to the rival blockchain fund.

### D.     Gao's Performance Deteriorates

36.     By March 2019, Gao's health began to deteriorate, and he stopped showing up at the office or participating in weekly team calls.  On information and belief, his parents flew to Los Angeles to express their concern about their son and asked if Gao was suffering from drug abuse and/or mental health issues.

37.     By the summer of 2019, it was clear that Gao was not doing well.  In or about June of 2019, Struck had a candid conversation with Gao about his poor performance.  From that point forward, Struck rarely saw Gao.

### E.     Gao Received Over A Million Dollars In Management Fees And Carried Interest From DDC

38.     As a co-manager in DDC, Gao received 50% of the management fees for DDC.  For example, in December of 2019, Gao received $100,000 in management fees from DDC.  In September of 2020, Gao received another $200,000 in management fees.  Struck received the same amounts in management fees.

39.     In addition, as a 37.5% member of the general partner for DDC, Gao also received 37.5% of the carried interest for DDC.  Specifically, Gao received

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT A - Page 14**

approximately $180,427.06 in carried interest in October of 2020, and another $783,018.17 in carried interest in February of 2021.  Both of these payments reflected Gao's 37.5% membership interest in DDC.

40.     Between December of 2019 and February of 2021, the total amount that Gao received in DDC management fees and carried interest was $1,263,445.23.

**F.     Gao Attempts To Embezzle $150,000 From DDC And Once Caught, Steals Plaintiffs' Trade Secrets**

41.     On February 16, 2021, Struck received an email from Silicon Valley Bank, informing him that Gao had caused a wire transfer in the amount of $150,000 to be debited from DDC's bank account to Gao's consulting company, Sand Hill Advisors LLC.  Just four days earlier, Gao had received $783,018.17 in carried interest from DDC; and in September 2020, Gao received $200,000 in management fees from DDC.  Struck was the only person authorized to initiate wire transactions for DDC, and he had not authorized this wire to Gao of $150,000.

42.     Struck immediately informed Gao that his access to DDC's bank accounts had been suspended and asked Gao to explain the $150,000 wire transfer. Gao claimed the $150,000 wire was to pay himself a "salary" for 2020, even though neither he nor Struck had ever discussed receiving a salary from DDC nor was he entitled to pay himself one.

43.     Moreover, Gao had never previously accessed DDC's bank account to set up a wire transfer.  Nor had Gao ever wired money from a DDC bank account without Struck's knowledge and permission.

44.     The same day that Struck caught Gao embezzling funds, Gao doubled down on his illicit behavior and downloaded and stole confidential information from the Struck Capital databases.

45.     In less than twenty minutes on the morning of February 16, 2021, after Gao had been caught red-handed stealing funds, Gao sent himself numerous highly confidential and competitive spreadsheets from Struck Capital's customer relations

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT A - Page 15**

management (CRM) and deal management databases, containing, among other things, investor and client information, key industry contacts, marketing newsletter contacts, deal-sourcing initiatives, and portfolio company data.

46. Gao unilaterally accessed, exported and, on information and belief, downloaded sensitive documents from Struck Capital's CRM and deal-management databases.

47. Gao attempted to embezzle the money and steal Struck Capital's trade secrets and confidential information knowing that his time was over at DDC and that he intended to start his own competing firm.

**G.** **Struck Discovers That Gao Had Been Using Struck's Name, Identity, And Resources To Do Side Deals Without Struck's Knowledge Or Consent**

48. After Gao's departure, Struck undertook a review of Gao's DDC and Struck Capital email accounts.

49. In addition to the stolen trade secrets, Struck discovered that Gao had been using Struck's name, identity, reputation, and resources to pursue and profit from deals without informing Struck.

50. On information and belief, Gao caused Struck's name to be identified as an investor in a fantasy football league without Struck's knowledge. Struck on behalf of Struck Capital was listed on an S.E.C. form as an investor in "The Crown League," which was owned by a company called North Capital Private Securities Corporation.

51. Struck also discovered that, in February 2020, Gao had used Struck's name and resources to form an entity known as "SC Excision SPV LLC" without telling Struck. On information and belief, Gao essentially repurposed Struck's deal documents *with the Struck Capital name and logo* but removed Struck as the manager and made Gao the sole manager, without informing Struck. On information and belief, Gao also solicited investments from Struck Capital

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

prospective investors and conducted a "bait and switch" by telling the investors that funds could not go to the seemingly Struck Capital affiliated "SC Excision SPV LLC," but rather had to go to another entity, "Elong Capital Series XII, LLC," managed by a competitive fund manager, Hong Jiang.  On information and belief, Gao executed an agreement with Jiang while still a manager of DDC in order to profit from sourcing these investors and keep this initiative away from Struck and DDC.  On information and belief, Gao used Struck's name, dba, logo, and reputation to solicit investments for this deal and then intentionally funneled investor capital to a rival manager—all unbeknownst to Struck.

52.     Struck further discovered that, in or about April 2020, Gao used Struck's name and resources to solicit investments in a fintech company known as FrontalFin, Inc.  On information and belief, Gao included Struck's name, image, and background in the investor presentation for this company and traded on Struck's experience in putting together a similar deal for Struck Capital called ScratchPay.  But Gao excluded Struck from any of the legal documents on this deal.  On information and belief, Gao created an entire data room and prospectus for this investment using Struck's name.

53.     While owing fiduciary duties to DDC, Gao made several blockchain and venture capital investments in violation of his duties to Struck, including in Portal and Bitclout.  Gao never told Struck about these deals.  In fact, Gao met the founder of Bitclout at Struck's office while Gao was a member of DDC but surreptitiously did a deal for himself with Bitclout, not for DDC.  Gao is identified as a personal investor in Bitclout.

54.     On information and belief, while still a co-manager of DDC, Gao put five investment deals aside for himself (known as "warehousing"), which he then offered at cost to investors of Shima Capital in order to entice them to invest in his rival blockchain fund.  On information and belief, Gao took those deals for himself instead of bringing them to DDC as his fiduciary duty required, as he was planning

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   for some time to steal trade secrets from Struck and start a competing firm.

2       55.     In addition, while a member at DDC, Gao did not disclose that he was

3   involved in a seemingly shady scheme to exploit the shortages created by the

4   COVID-19 pandemic and sell personal protective equipment (PPE) at highly

5   inflated prices in March 2020.  Gao founded two PPE distribution companies,

6   named PPE Trade and Support LLC and Global Phi Trading Company, leveraging

7   his contacts in China.  His Vimeo account features a screen capture of Global Phi's

8   bank account balance displaying a $1.8 million balance.  Numerous companies that

9   sprung up during this time to import PPE from China have since been exposed, and

10  in some cases, prosecuted, for fraud.

11      56.     This is not Gao's only shady endeavor.  Unbeknownst to Struck, Gao

12  has been operating an account on several e-commerce sites selling anything from

13  Ferragamo ties to Target gift cards, to cell phones and other electronic equipment,

14  with over 5,200 posts.  On information and belief, Gao procured those items by

15  fraudulent means and has been involved in a series of illegal schemes to resell

16  merchandise for years, which is further alarming for any investor in the new $200

17  million Aurora SPAC or Gao's Shima Capital venture capital fund.

18  **H.   <u>Gao Launches Shima Capital (Delaware) Using Trade Secrets He</u>**

19          **<u>Stole From Struck Capital</u>**

20      57.     On or about April 5 and April 15, 2021, Gao formed two limited

21  liability companies in Delaware: Shima Capital LLC; and Shima Capital

22  Management LLC.  On or about May 14, 2021, Gao formed a third entity, Shima

23  Capital GP LLC, also in Delaware.  The Shima Capital Delaware Entities were each

24  formed after Gao stole trade secrets from Plaintiffs and was removed from DDC for

25  his misconduct.

26      58.     On information and belief, Gao formed these Shima Capital Delaware

27  Entities using trade secrets that he downloaded and stole from the Struck Capital

28  databases on February 16, 2021.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

59.    On information and belief, Gao and his entities have contacted investors in Struck Capital—including investors in Fund I, Fund II, and other Struck Capital funds and entities—to solicit them for the Shima Capital Delaware Entities and his even more recent creation, the Defendant Puerto Rico Entities by the same name.  In fact, even prior to leaving DDC, Gao sourced deals for Shima Capital that he did not present to DDC and warehoused behind Struck's back.  Gao advertises these deals in the Shima Capital investor presentation, offering them to prospective investors at cost despite material valuation appreciation, as a way to entice investment in Shima Capital.

60.    In addition, Gao is advertising investment transactions that he completed with Struck as a member and co-manager of DDC to promote his new venture, Shima Capital.  In addition, Gao's investor presentation, which he stole from Struck, is largely copied from Struck's DDC investor presentations.

**I.    <u>Gao Forms New Shima Capital Entities In Puerto Rico, Defendant Puerto Rico Entities, To Evade Liability</u>**

61.    Struck, Gao and Gao's Shima Capital Delaware Entities are litigating issues in California state court and a JAMS arbitration.  After Struck sued Gao and his Shima Capital Delaware Entities, Gao created a new Sand Hill Advisors (the name of Gao's previous Delaware consulting firm) in Puerto Rico and the two other Defendant Puerto Rico Entities, using the same Shima Capital name, to continue engaging in unlawful competition—but this time, as new entities in Puerto Rico.  On information and belief, Gao created the new Defendant Puerto Rico Entities under the same names, so that he could avoid liability while not alarming his investors to any name change.

62.    Gao formed the new Sand Hill Advisors in Puerto Rico in January 2022.  Gao formed the two other Defendant Shima Capital Puerto Rico Entities in December 2021 using the exact same names as the previously created Shima Capital Delaware Entities.  On information and belief, Gao moved to Puerto Rico and

created these new Defendant Puerto Rico Entities to avoid liability, render his
Delaware Entities defunct/uncollectable, and evade U.S. taxes.

63.     The Defendant Puerto Rico Entities are all owned and controlled by
Gao and, on information and belief, are engaging in the same violations that Gao's
prior Shima Capital Delaware Entities engaged in—namely, using Struck's
proprietary business information to launch a competing blockchain, venture capital
fund.  The Defendant Puerto Rico Entities are thus liable to Struck Capital for,
among other things, trade secret misappropriation.

### J.     Gao's Widespread Misconduct

64.     Gao's unscrupulous conduct continues today.  Currently, in addition to
running Shima Capital, Gao is also purportedly the Chief Financial Officer of a new
Special Purpose Acquisition Company (SPAC), Aurora Technology Acquisition
Corp. (the "Aurora SPAC").  Thus, while using Struck's confidential information to
raise money for—and operate—a new venture capital firm, Gao simultaneously
owes fiduciary duties to the newly formed Aurora SPAC.

65.     The Aurora SPAC is a Cayman Islands based blank check company
that Gao co-operates with an individual, Zachary Wang, that previously worked at
an American investment firm, ZZ Ventures, which had close ties to the Chinese
government.  Mr. Wang, Chairman and CEO of the Aurora SPAC and a co-founder
along with Gao, helped launch ZZ Ventures' investment platform.  ZZ Ventures was
an affiliate of a Beijing-based asset management company that invested in American
companies which increased Chinese access to U.S. financial institutions and
customers.  ZZ Ventures divested its U.S. portfolio investments in 2019 under
scrutiny from the U.S. Committee on Foreign Investments in the United States.
Another one of Gao's co-founders and the COO of the Aurora SPAC, Cathryn
Chen, has focused her career on making investments on behalf of Chinese nationals
in the U.S., including in ByteDance, which per an August 14, 2020 Executive Order
"threatens to impair the national security of the United States."

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

66.     Despite the founders' distinct lack of experience (Gao is 31 years old, Wang 34 and Chen 33), the Aurora SPAC, based on a prospectus only, managed to raise $200 million that it intends to invest in companies founded by Asian or Asian-American entrepreneurs.  Gao's simultaneous operation of the Aurora SPAC and his own venture capital fund, Shima Capital, illustrates his complete disregard for fiduciary duties of loyalty and good faith.  The Aurora SPAC is also interested in investing in blockchain companies, just like DDC did and like Shima Capital currently does.  On information and belief, Gao may be using the same information he misappropriated from Plaintiffs to operate both the Shima Capital Delaware Entities and the newly formed Aurora SPAC.

### FIRST CLAIM FOR RELIEF

**(Trade Secret Misappropriation Under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq*.)**

**(Against All Defendants)**

67.     Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

68.     Plaintiffs owned and possessed certain confidential, proprietary and trade secret information, as alleged above.  This information includes customer lists, investor contact information, portfolio founder data, deal-sourcing initiatives, marketing contacts, and other proprietary information.  Gao accessed, exported, and, on information and belief, downloaded from Struck Capital's CRM and deal-management databases on February 16, 2021.

69.     This confidential, proprietary and trade secret information relates to products and services used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.  Plaintiffs have investors all over the United States and the world and invest money raised from foreign investors in companies created and operated all over the United States.  In addition, the Defendant Puerto Rico Entities formed by Gao have been and are

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

EXHIBIT A - Page 21

continuing to use the confidential trade secrets Gao stole from Plaintiffs to raise money from other investors located all over the United States and the world.

70.     Struck made reasonable efforts to ensure that such information remained secret and confidential.  These efforts included, among other things, instructing all persons who are given access to the Struck Capital CRM and deal-management databases to protect and maintain the confidentiality of the information in those databases.  Struck requires members of the Struck Capital team to sign confidentiality agreements.  He also requires that security measures such as passwords be used to prevent unauthorized access, use, or disclosure of information in those databases.  In addition, paragraph 12(g) of the DDC Operating Agreements contains confidentiality provisions obligating Gao to maintain the confidentiality of information received during the course of managing DDC, including investment performance, practices, strategy, and portfolio information.

71.     As set forth above, Struck has at all times maintained stringent security measures to preserve the secrecy of his trade secrets.  Due to these security measures, Plaintiffs' confidential and proprietary trade secret information is not available for others' use through any legitimate means.

72.     Plaintiffs' confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information.

73.     In violation of Plaintiffs' rights, Defendants misappropriated Plaintiffs' confidential, proprietary and trade secret information in the improper and unlawful manner as alleged herein.  Defendants' misappropriation of Plaintiffs' confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.  Defendants have attempted, and continue to attempt, to conceal their misappropriation.

74.     If Defendants are not enjoined, Defendants will continue to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

misappropriate and use Plaintiffs' trade secret information for their own benefit and to Plaintiffs' detriment.  As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.  Plaintiffs' business operates in a competitive market and will continue to suffer irreparable harm absent injunctive relief.

75.     In committing these wrongful acts, Defendants acted intentionally, with malice, fraud, and oppression, and in conscious disregard of Struck's rights.  As a result, Struck is entitled to an award of punitive and/or exemplary damages.

### SECOND CLAIM FOR RELIEF

**(Trade Secret Misappropriation Under California Uniform Trade Secrets Act – California Civil Code §§ 3426 *et seq*.)**

**(Against All Defendants)**

76.     Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

77.     As alleged above and herein, the customer lists, investor contact information, portfolio founder data, deal-sourcing initiatives, marketing contacts, and other proprietary information that Gao accessed, exported and, on information and belief, downloaded from Struck Capital's CRM and deal-management databases on February 16, 2021, constitute trade secrets under the California Uniform Trade Secrets Act (California Civil Code sections 3426 *et seq*.).

78.     The data that Gao accessed and exported contains information that is not generally known to the public or to competitors of Plaintiffs, who can obtain economic value from its disclosure and use it to their own advantage.  This data was

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

compiled by Struck based on years of experience sourcing, structuring, and successfully closing investment funds and deals in the venture capital space. This data is Struck's most valuable intellectual property, as it allows for a significant competitive advantage over other investment firms and competitors.

79.    As set forth above, Struck has taken reasonable steps to maintain and keep secret the information within his CRM database and deal-management database.

80.    By stealing Plaintiffs' trade secret information, Defendants have given themselves an unfair, illegal advantage in pursuing competitive business ventures.

81.    As a proximate result of Defendants' conduct as alleged above and herein, Plaintiffs have suffered, and will continue to suffer, actual damages in an amount to be proven at trial. As a further proximate result of their conduct as alleged above and herein, Defendants have been unjustly enriched as a result of their misappropriation activities.

82.    Defendants will continue to use the misappropriated information to launch a rival blockchain fund that unfairly competes with Plaintiffs. Defendants' conduct therefore threatens further wrongful use and continuing misappropriation of Plaintiffs' trade secret information.

83.    As a proximate result of Defendants' actions as alleged above and herein, Plaintiffs will continue to suffer actual damages in an amount to be proven at trial unless Defendants' actions are enjoined and restrained. Plaintiffs have no adequate remedy at law for these injuries unless and until Defendants' actions are enjoined and restrained. Plaintiffs are therefore entitled to temporary, preliminary and permanent injunctions prohibiting Defendants from further acts of misappropriation.

84.    In committing these wrongful acts, Defendants acted intentionally, with malice, fraud, and oppression, and in conscious disregard of Struck's rights. As a result, Struck is entitled to an award of punitive and/or exemplary damages.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

### (Against All Defendants)

85.   Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

86.   California Business & Professions Code sections 17200 *et seq*., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

87.   By engaging in the false, deceptive and misleading conduct alleged above, Defendants have engaged in unlawful business acts and practices in violation of the UCL.

88.   In addition to being unlawful, Defendants' acts, conduct and practices as alleged above are unfair.  Defendants, through deceptive and misleading advertising and representations, wrongfully induced investors to invest in deals believing they were somehow affiliated with Struck and/or approved by Struck when in fact they were not.

89.   In addition to being unlawful and unfair, Defendants' acts, conduct, and practices as alleged above are fraudulent and/or deceptive.  Defendants, through deceptive and misleading advertising, marketing and promotion, wrongfully induced investors to invest in deals believing they were somehow affiliated with Struck and/or approved by Struck when in fact they were not.  Defendants' deceptive and fraudulent representations had a capacity, tendency or likelihood to deceive and/or confuse reasonable investors.

90.   As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Plaintiffs have been injured in fact.  Struck has not received any financial or other benefit from the use of his name, identity, dba, logo, reputation, and resources on the above-mentioned deals.  Defendants in turn have

EXHIBIT A - Page 25

been unjustly enriched at Struck's expense.

91.     Defendants' unlawful, unfair and fraudulent business practices as alleged above present a continuing threat to Plaintiffs because, on information and belief, Defendants continue to engage in such practices and will not cease doing so unless enjoined or restrained by this Court.

92.     Under <u>California Business and Professions Code section 17203,</u> Plaintiffs seek an order enjoining Defendants from continuing to engage, use or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or misleading advertising, promotion or marketing and any act prohibited by <u>California Business and Professions Code sections 17200</u> *et seq.*

93.     Under <u>California Business and Professions Code section 17203,</u> Plaintiffs seek an order restoring all moneys that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices.

## FOURTH CLAIM FOR RELIEF

### (Conversion)

### (Against All Defendants)

94.     Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

95.     As alleged above and herein, Defendants have converted property that rightfully belonged to Plaintiffs.

96.     As a result of Defendants' misconduct, Struck has sustained damages in an amount to be determined according to proof at trial.

97.     In committing these wrongful acts, Defendants acted willfully, intentionally, with malice, and in conscious disregard of Struck's property rights and resulting damages.  As a result, Struck is entitled to an award of punitive and exemplary damages.

## FIFTH CLAIM FOR RELIEF

### (Theft By False Pretenses)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**(Against All Defendants)**

98.     Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

99.     California Penal Code section 496(a) makes it a crime for any person who receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals or withholds, or aids in concealing or withholding property from the owner, knowing the property to be so stolen or obtained.

100.    California Penal Code section 496(c) authorizes any person who has been injured by a violation of subsection (a) to bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, plus costs of suit, and reasonable attorneys' fees.

101.    As set forth above and alleged herein, Defendants knowingly stole and obtained property that rightfully belonged to Plaintiffs.

102.    Defendants intentionally stole, received and used, and concealed Struck's name, identity, dba, reputation, resources and business records, to pursue and profit from deals without informing or including Struck.

103.    Struck was harmed by the actions of Defendants in an amount to be determined according to proof at trial.

104.    In committing these wrongful acts, Defendants acted intentionally and criminally.  Therefore, Plaintiffs are entitled to treble damages, plus costs and attorneys' fees, as authorized under Penal Code section 496(c).

## SIXTH CLAIM FOR RELIEF

### (Constructive Trust)

### (Against All Defendants)

105.    Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint.

106.    California law provides that a constructive trust is created where a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT A - Page 27**

defendant takes a property by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act.  Pursuant to Civil Code sections 2223 and 2224, the Court can create a constructive trust over property or an interest in property that rightfully belongs to someone else.

107.   Demand is hereby made that the Court impose a constructive trust over any equity, profits or proceeds that Defendants have wrongfully acquired and received by virtue of using Struck's name, identity, dba, reputation, and resources to pursue, market and advertise deals and investment opportunities without informing, including or compensating Struck.

108.   Demand is further made that the Court impose a constructive trust over any equity, profits or proceeds that Defendants have wrongfully acquired and received by virtue of using DDC's name, reputation and resources to pursue, market and advertise venture capital deals and investment opportunities without sharing the proceeds of those deals or opportunities with Struck as a member and co-manager of DDC.

109.   Demand is further made that the Court impose a constructive trust over any equity, profits or proceeds that Defendants have wrongfully acquired and received by virtue of stealing trade secrets that belong to Struck and Struck Capital, including the information within Struck Capital's CRM and deal-management databases that was exported by Gao on or around February 16, 2021.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief:

(1)   For monetary damages in an amount according to proof at trial;

(2)   For punitive and exemplary damages;

(3)   For treble damages under California Penal Code section 496(c);

(4)   For permanent and temporary injunctive relief;

(5)   For attorneys' fees and costs;

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT A - Page 28**

1    (6)    For prejudgment and post-judgment interest; and

2    (7)    For such other and further relief as the Court may deem just and proper.

4    DATED:  December 7, 2022       MILLER BARONDESS, LLP

By:      _/s/ Amnon Z. Siegel_
           AMNON Z. SIEGEL
           Attorneys for Plaintiffs
           ADAM B. STRUCK and STRUCK
           CAPITAL MANAGEMENT, LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

589326 1

24

FIRST AMENDED COMPLAINT

1    <u>**DEMAND FOR JURY TRIAL**</u>

2    By their undersigned attorney, Plaintiffs hereby demand a jury trial.

3

4    DATED:  December 7, 2022          MILLER BARONDESS, LLP

5

6

7                                       By:     <u>/s/ Amnon Z. Siegel</u>
                                                AMNON Z. SIEGEL
8                                               Attorneys for Plaintiffs
                                                ADAM B. STRUCK and STRUCK
9                                               CAPITAL MANAGEMENT LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400