ORSUS GATE LLP
Denis Shmidt (Bar No. 267987)
Nabil Bisharat (Bar No. 270305)
Jennifer Haidar (Bar No. 337558)

16 N. Marengo Ave., Suite 316
Pasadena, CA 91101
Telephone: (415) 326-3558
Email: DShmidt@OrsusGate.com
Email: NBisharat@OrsusGate.com
Email: JHaidar@OrsusGate.com

*Attorneys for Yida Gao, Sand Hill Advisors PR LLC, Shima Capital Management LLC, and Shima Capital GP LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
(Western Division – Los Angeles)

| | |
|---|---|
| ADAM STRUCK, individually and doing business as STRUCK CAPITAL, and STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>YIDA GAO, an individual, SAND HILL ADVISORS PR LLC, a Puerto Rican limited liability company, SHIMA CAPITAL MANAGEMENT LLC, a Puerto Rican limited liability company, SHIMA CAPITAL GP LLC, a Puerto Rican limited liability company, and Does 1-50,<br><br>Defendants. | Case No. 2:22-cv-02415-SPG-MAA<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  April 11, 2022<br><br>FAC Filed:          February 1, 2023<br><br>Hon. Judge Sherilyn Peace Garnett |

      Defendants YIDA GAO ("Mr. Gao"), SAND HILL ADVISORS PR LLC, ("Sand Hill"), SHIMA CAPITAL MANAGEMENT LLC ("Shima"), and SHIMA CAPITAL GP LLC ("Shima GP") (collectively, "Defendants"), hereby answer the First Amended Complaint ("FAC") filed by Plaintiffs ADAM STRUCK ("Mr. Struck") and STRUCK CAPITAL MANAGEMENT LLC ("Struck Capital"), and admit, deny, affirmatively assert, and allege, as follows:

## NATURE OF THE ACTIONS

1. Defendants deny the allegations in Paragraph 1 of the FAC.

2. Defendants lack knowledge to either confirm or deny that "Struck has managed and closed over one hundred venture capital deals. He operates one of the largest seed-stage venture capital firms in Los Angeles" as alleged in Paragraph 2 of the FAC . Defendants admit that when Struck first met Gao, Gao was two years out of college and an analyst at an investment bank. Defendants deny the remaining allegations in this paragraph.

3. Defendants deny the allegations contained in Paragraph 3-8 of the FAC.

## THE PARTIES

4. Defendants admit the allegations in Paragraph 9 of the FAC except for the statement that Struck Capital is "one of the largest seed-stage venture capital firms in Los Angeles," as Defendants lack knowledge to either confirm or deny this statement, and on that basis, deny this statement.

5. Defendants admit the allegations in Paragraph 10 of the FAC except for the statement that Adam B. Struck is the "sole member" of Struck Capital Management LLC, as Gao owns half of Struck Capital Management LLC, and on that basis, deny this statement.

6. Defendants admit the allegations contained in Paragraphs 11-14 of the FAC.

7. Defendants deny the allegations in Paragraph 15 of the FAC.

8. Paragraph 16 contains placeholder allegations regarding DOE defendants to which no answer is required.

9. Defendants deny the allegations in Paragraph 17 of the FAC.

## JURISDICTION AND VENUE

10. Paragraphs 18 through 22 proffer only legal conclusions concerning jurisdiction and venue to which no answer is required. To the extent that an answer is required, Defendants deny the allegations of paragraphs 18-22. Defendants further explicitly deny the statement in paragraph 18 of the FAC alleging that "Struck Capital's trade secrets and confidential information, which Defendants are making unauthorized use of, were stolen from its headquarters in Los Angeles, California."

11. Defendants admit that "Struck, Gao and the Shima Capital Delaware Entities are currently involved in litigation in state court and an arbitration" and that the Puerto Rico Entities were not yet formed at the outset of those actions, but Defendants deny the remaining allegations aimed against Defendants in Paragraph 23 of the FAC.

## FACTUAL ALLEGATIONS

12. Defendants deny the allegations and characterizations contained in subheading A of the Factual Allegations section of the FAC.

13. Defendants deny the allegations in Paragraph 24 of the FAC.

14. As for the allegations contained in Paragraph 25 of the FAC, Defendants admit that Mr. Gao and Mr. Struck first met in early 2015, when Mr. Gao was a second-year, junior analyst at Morgan Stanley. Defendants deny the rest of the allegations in Paragraph 25 of the FAC.

15. Defendants deny the allegations in Paragraph 26 of the FAC.

16. Defendants deny the allegations and characterizations contained in subheading B of the Factual Allegations section of the FAC.

17. Defendants admit the allegations contained in Paragraphs 27-28 of the

FAC.

18. As for the allegations contained in Paragraph 29, Defendants admit that Mr. Gao worked with Mr. Struck on the Projects listed therein but deny the rest of the allegations in these paragraphs, as well as Plaintiffs' characterization of the relationship.

19. Defendants deny the allegations contained in Paragraph 30 of the FAC.

20. Defendants deny the allegations contained in Paragraph 31 of the FAC.

21. Defendants deny the allegations and characterizations contained in subheading C of the Factual Allegations section of the FAC.

22. As for the allegations contained in Paragraph 32 of the FAC, Defendant admit that Mr. Gao and Mr. Struck are co-managers in DDC and deny the rest of this paragraph's allegations.

23. Defendants deny the allegations contained in Paragraphs 33-34 of the FAC.

24. As for the allegations contain in Paragraph 35, Defendants admit that Mr. Gao once lived with another person involved in blockchain funds but otherwise deny the rest this paragraph's allegations.

25. Defendants deny the allegations and characterizations contained in subheading D of the Factual Allegations section of the FAC.

26. Defendants deny the allegations contained in Paragraph 36 and 37 of the FAC.

27. Defendants deny the allegations and characterizations contained in subheading E of the Factual Allegations section of the FAC.

28. Defendants admit the allegation contained in Paragraph 38 of the FAC that Mr. Gao was a co-manager and was owed 50% of the management fees, however, Defendants deny that Mr. Gao received the entirety of the management fees owed to him and deny that the second payment was in September 2020.

29. As for the allegations contained in Paragraph 39 of the FAC,

Defendants admit that Mr. Gao "received approximately $180,427.06 in carried interest in October of 2020, and another $783,018.17 in carried interest in February of 2021." Defendants deny the rest of the allegations in Paragraph 39.

30. Defendants admit the allegations contained in Paragraph 40 of the FAC.

31. Defendants deny the allegations and characterizations contained in subheading F of the Factual Allegations section of the FAC.

32. Defendants deny the allegations contained in Paragraph 41 of the FAC.

33. Defendants deny the allegations contained in Paragraph 42 of the FAC.

34. Defendants deny the allegations in Paragraph 43 of the FAC.

35. Defendants deny the allegations contained in Paragraph 44-47 of the FAC.

36. Defendants deny the allegations and characterizations contained in subheading G of the Factual Allegations section of the FAC.

37. Defendants lack knowledge to confirm or deny the allegations in Paragraph 48 of the FAC and on this basis deny the allegations contained therein.

38. Defendants deny the allegations contained in Paragraphs 49-54 of the FAC.

39. As for the allegations in Paragraph 55 of the FAC, Defendants admit that Mr. Gao "founded two PPE distribution companies, named PPE Trade and Support LLC and Global Phi Trading Company" and deny the remaining allegations contained in Paragraph 55 of the FAC.

40. Defendants deny the allegations contained in Paragraph 56 of the FAC.

41. Defendants deny the allegations and characterizations contained in subheading H of the Factual Allegations section of the FAC.

42. As for the allegations contained in Paragraph 57 of the FAC, Defendants deny the allegation that the "Shima Capital Delaware Entities were each formed after Gao stole trade secrets from Plaintiffs and was removed from DDC for

4

his misconduct" and admit the remaining allegations in that paragraph.

43. Defendants deny the allegations contained in Paragraph 58-59.

44. As for the allegations contained in Paragraph 60, Defendants admit that Mr. Gao "advertises investment transactions that he completed with Struck Capital … to promote his new venture, Shima Capital" but deny the remaining allegations in this paragraph.

45. Defendants deny the allegations and characterizations contained in subheading I of the Factual Allegations section of the FAC.

46. As for the allegations contained in Paragraph 61 of the FAC, Defendants admit that "Struck, Gao and Gao's Shima Capital Delaware Entities are litigating issues in California state court and a JAMS arbitration." Defendants deny the remaining allegations contained in this paragraph.

47. As for the allegations contained in Paragraph 62 of the FAC, Defendants admit that "Gao formed the new Sand Hill Advisors in Puerto Rico in January 2022.  Gao formed the two other Defendant Shima Capital Puerto Rico Entities in December 2021" and otherwise deny all the remaining allegations contained in this paragraph.

48. Defendants deny the allegations contained in Paragraph 63 of the FAC.

49. Defendants deny the allegations and characterizations contained in subheading J of the Factual Allegations section of the FAC.

50. As for the allegations contained in Paragraph 64 of the FAC, Defendants admit that Mr. Gao is the Chief Financial Officer of Aurora Technology Acquisition Corp. and otherwise deny all the remaining allegations contained in this paragraph.

51. Defendants deny the allegations contained in Paragraphs 65-66 of the FAC.  Defendants further notes that these allegations are entirely unrelated to the FAC and are clearly included to harm Mr. Gao and his business interests.

52. In response to Paragraph 67 of the FAC, Defendants incorporate their

responses to Paragraph 1-66 as though fully set forth herein.

53. Paragraphs 68 – 75 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs are entitled the relief requested therein or to any other relief as against Defendants.

54. In response to Paragraph 76 of the FAC, Defendants incorporate their responses to Paragraph 1-75 as though fully set forth herein.

55. Paragraphs 77-84 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs are entitled to the relief requests therein or to any other relief as against Defendants.

56. In response to Paragraph 85 of the FAC, Defendants incorporate their responses to Paragraph 1-84 as though fully set forth herein.

57. Paragraphs 86-93 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs are entitled to the relief requests therein or to any other relief as against Defendants.

58. In response to Paragraph 94 of the FAC, Defendants incorporate their responses to Paragraph 1-93 as though fully set forth herein.

59. Paragraphs 95-97 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs are entitled to the relief requests therein or to any other relief as against Defendants.

60. In response to Paragraph 98 of the FAC, Defendants incorporate their responses to Paragraph 1-97 as though fully set forth herein.

61. Paragraphs 99-104 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs are entitled to the relief requests therein or to any other relief as against Defendants.

62. In response to Paragraph 105 of the FAC, Defendants incorporate their responses to Paragraph 1-104 as though fully set forth herein.

63. Paragraphs 106-109 proffer factual allegations and associated legal conclusions that are denied by Defendants. Defendants further deny that Plaintiffs

are entitled to the relief requests therein or to any other relief as against Defendants.

64. In response to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the relief requested therein or to any other relief as against Defendants.

## AFFIRMATIVE DEFENSES

Without admitting any additional allegations in the FAC or conceding the burden of proof as to any issue found to be an element of the causes of action included in the FAC, Defendants allege the following separate and distinct affirmative defenses based on information and belief. Defendants reserve the right to amend this Answer and to add additional affirmative defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The FAC fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Excused from Performance)

To the extent that Defendants have failed to perform any obligation, such obligation was excused as a result of Plaintiffs' actions or omissions.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Defendants deny that Plaintiffs has suffered any damages as a result of the facts or causes of action alleged in the FAC. To the extent that Plaintiffs has suffered damages, Plaintiffs has failed to exercise reasonable care and diligence to avoid and minimize those damages and may not recover for losses that could have been prevented by reasonable efforts on Plaintiffs' part. Therefore, Plaintiffs' recovery, if any, should be reduced by the amount of damages that could or should have been mitigated or avoided.

### FOURTH AFFIRMATIVE DEFENSE

(Doctrine of Estoppel)

Plaintiffs is not entitled to the relief it seeks under the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiffs is not entitled to the relief sought as the award of such relief would constitute unjust enrichment.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs is not entitled to the relief it seeks under the Unclean Hands doctrine because Plaintiffs committed an unfair act or acts with regard to the transactions at issue.

### SEVENTH AFFIRMATIVE DEFENSE

(No Damage to Plaintiffs)

Even if Plaintiffs' allegations are true, which Defendants deny, Plaintiffs did not suffer any damages in the form of economic loss.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs' causes of action are barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

(Good Faith and Fair Dealings)

Defendants exercised good faith, fair dealing, and full disclosure toward Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

(Third Party Acts or Omissions)

If Plaintiffs sustained damages as alleged, any such damages being expressly denied by Defendants, such damages were caused by the acts or omissions of third parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Opportunity to Cure)

Plaintiffs failed to provide Defendants a sufficient opportunity to cure any alleged breach of contract or duty.

**TWELFTH AFFIRMATIVE DEFENSE**

(Mistake of Law or Facts)

Defendants' potential liability is excused due to mistakes of law or facts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Full Performance)

Defendants fully performed all requirements, acts, duties, or obligations, if any exist.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Ratification of Acts)

Plaintiffs' cause of action is barred because Plaintiffs, by acts, conduct and/or omissions, has ratified Defendants' acts, conduct or alleged omissions, if any exist.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Setoff)

Any amount sought to be recovered by Plaintiffs in this action is barred or should be setoff, in whole or in part, by the amount Plaintiffs owes to Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Recoupment)

Any amount sought to be recovered by Plaintiffs in this action should be deducted based on the amount Plaintiffs owes to Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Breach of Contract by Plaintiff)

Plaintiffs is not entitled to relief because Plaintiffs materially breached the agreement or agreements between the parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Prevented from Performance – *Cal. Civ. Code* §1511)

Defendants would have complied with all alleged contractual duties except for the actions or statements of Plaintiffs or a third party that prevented Defendants from complying with the alleged contract.

### NINETEENTH AFFIRMATIVE DEFENSE

(Fraud, Deceit, or Misrepresentation)

Plaintiffs' cause of action is barred because all or part of the alleged transactions resulted from Plaintiffs' or another party's fraud, deceit or misrepresentation.

### TWENTIETH AFFIRMATIVE DEFENSE

(Statute of Frauds)

The action sued on herein is barred by the provisions of Civil Code Section 338(d), in that the alleged fraud was discovered or should reasonably have been discovered more than three years before the FAC was filed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Misrepresentation)

Plaintiffs' fraud claim fails because the alleged representations or acts of Defendants, which are denied, were not knowingly false representations, nor did Defendants conceal or fail to disclose facts, nor did Defendants make promises with no intent to perform.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Fraud)

Plaintiffs' fraud claim fails because the alleged acts by Defendants, which are denied, were neither intentional nor reckless, and were not made with the intent to induce Plaintiffs to act in reliance on false information.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Scienter)

Plaintiffs' fraud claim fails because the alleged representations made by Defendants were not false, and even if they were, which Defendants deny, such representations were not knowingly false.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

An award of punitive damages against Defendants in this case would be unconstitutional and in violation of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees)

An award of attorneys' fees against Defendants in this case would be limited or entirely barred by, the federal and California constitutions, federal and California statues, and applicable caselaw, including but not limited to provisions requiring due process and prohibiting excessive fines.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Discovery in this action has not yet commenced. Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change this Answer upon the revelation of additional facts during further investigation and discovery.

## PRAYER FOR RELIEF

Based on the foregoing, Defendants request judgment on Plaintiffs' FAC as follows:

1. That Plaintiffs take nothing by the FAC;
2. That the Court award Defendants costs of litigation and attorneys' fees consistent with any applicable statutes or contracts; and
3. That the Court award Defendants all further relief that it deems just and proper.

Dated: February 16, 2023

ORSUS GATE LLP
Denis Shmidt
Nabil Bisharat
Jennifer Haidar

By: /s/ Denis Shmidt
Denis Shmidt

*Attorneys for Yida Gao, Sand Hill Advisors PR LLC, Shima Capital Management LLC, and Shima Capital GP LLC*

# DEMAND FOR TRIAL BY JURY

By and through their undersigned attorneys, Defendants hereby demand a jury trial.

Dated: February 16, 2023

ORSUS GATE LLP
Denis Shmidt
Nabil Bisharat
Jennifer Haidar

By: /s/ Denis Shmidt
Denis Shmidt

*Attorneys for Yida Gao, Sand Hill Advisors PR LLC, Shima Capital Management LLC, and Shima Capital GP LLC*

1# CERTIFICATION OF SERVICE

The undersigned hereby certifies that on February 16, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By: /s/ Jennifer Haidar
Jennifer Haidar

CERTIFICATION OF SERVICE
CASE NO. 2:22-CV-02415-SPG-MAA